UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Plaintiff,

v.                                Case No:   2:19-cv-297-FtM-38NPM

ATA FISHVILLE FL, LLC,

    Defendant.

**ORDER**

This matter is before the Court on the Motion for Leave to File an Amended Complaint, file on September 25, 2019. (Doc. 38). Westchester Supply Lines Insurance Company ("Westchester") seeks leave to file an Amended Complaint to add an additional count that Defendant ATA Fishville FL, LLC (ATA") is not entitled to recover insurance proceeds for loss of business income because the alleged losses are not covered and/or excluded under the insurance policy, to correct scrivener's errors, and make other minor amendments. (Doc. 38 at 3). ATA argues that the amendment is futile and, thus, Westchester should not be permitted to amend the Complaint. (Doc. 39 at 3-4).

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Consequently, the Court must find a justifiable reason in denying a request for leave to amend. *Id.* "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182).

Here, ATA argues that the amendment would be futile because there is no dispute that some of the damages were covered losses and, therefore, the appraisal panel and not the court would determine whether any claim for extra-expenses, property damages, and business loss income are covered by the policy. (Doc. 39 at 2-4). ATA's arguments are better suited for a dispositive motion so that ATA has the opportunity to fully develop its arguments and Westchester has the opportunity to fully respond to these arguments. Thus, the Court finds no justifiable reason to deny ATA leave to file an Amended Complaint.

At this time, Westchester has filed multiple motions directed at construing terms of the original Complaint. (Doc. 1). Based on Westchester's request for leave to file an Amended Complaint, the Court will deny the present motions as moot without prejudice.

Accordingly, it is hereby **ORDERED**:

(1) The Motion for Leave to File an Amended Complaint (Doc. 38) is **GRANTED**.

(2) Within in three (3) business days from the date of this Order, Westchester shall file the Amended Complaint.

(3) The Motion to Appoint Umpire for Appraisal Process (Doc. 27) is **DENIED as moot without prejudice**.

(4) The Motion to Compel Itemized Appraisal Award (Doc. 28) is **DENIED as moot without prejudice**.

(5) The Motion to Compel Appraisal Panel to Determine the Period of Restoration (Doc. 29) is **DENIED as moot without prejudice**.

(6) The Amended Motion to Limit Claim in Appraisal to Amount Claimed in Sworn Statement in Proof of Loss (Doc. 31) is **DENIED as moot without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 21, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties