UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Plaintiff,

v.   Case No. 2:19-cv-297-FtM-66NPM

ATA FISHVILLE FL, LLC

    Defendant.

## ORDER

Before the Court are two motions to stay. The insured's motion (Doc. 79) seeks to stay everything but the appraisal process, and the insurance company's motion (Doc. 90) seeks to stay everything but the resolution of its recently filed motion to dismiss (Doc. 89). The insurer opposed the earlier stay motion based in part on its contention that formal discovery, such as party and non-party discovery requests, initial and expert disclosures, and fact and expert depositions, would "provide information useful to the parties' respective appraisers in the ongoing appraisal." (Doc. 80, p.6). But less than two months later, in an apparent about-face, the insurer insists that it now wants to utilize other— though very similar—methods to seek information related to the loss at issue, such as sworn statements from the insured and examinations under oath. Further, the insurer contends in its pending motion to dismiss that the insured's refusal (in the midst of the insurer's onslaught of formal discovery) to participate in yet another round of pre-appraisal discovery, so to speak, provides a basis for denying coverage altogether and somehow moots the entire controversy between the parties. (Doc. 89). And so, the insurer now

argues that both the ongoing appraisal process and formal discovery should be suspended until the Court rules on whether this action should be dismissed as moot. Finally, in conjunction with its pending motion to dismiss, the insurer has requested leave to withdraw its pending motions related to the ongoing appraisal. (Docs. 92, 95, 96, 97).

A court has broad discretion whether to stay a proceeding "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). The court must weigh the benefits of the stay against any harms of delay. *Id.* at 707. On balance, the Court finds that until the motion for voluntary dismissal is resolved, this proceeding should be stayed.

Accordingly, it is **ORDERED:**

(1) The Motion to Stay All Pending Deadlines Pending Resolution of Motion for Leave to Voluntarily Dismiss Action Without Prejudice (Doc. 90) is **GRANTED**.

(2) The Notice of Withdrawal of Amended Motion to Appoint an Umpire for Appraisal Process (Doc. 92) is **GRANTED** and the Amended Motion to Appoint Umpire (Doc. 53) is **WITHDRAWN**.

(3) The Notice of Withdrawal of Amended Motion to Limit Claim in Appraisal to Amount Claimed in Sworn Statements of Proof of Loss (Doc. 95) is **GRANTED** and the Amended Motion to Limit Claim of Appraisal (Doc. 54) is **WITHDRAWN**.

(4) The Notice of Withdrawal of Amended Motion to Compel Itemized Appraisal Award (Doc. 96) is **GRANTED** and the Amended Motion to Compel Itemized Appraisal Award (Doc. 55) is **WITHDRAWN**.

(5) The Notice of Withdrawal of Amended Motion to Compel Appraisal Panel to Determine Time Frame for Purpose of the Period of Restoration (Doc. 97) is **GRANTED** and the Amended Motion to Compel Appraisal Panel (Doc. 56) is **WITHDRAWN**.

(6) The Opposed Motion to Stay Discovery and Proceedings (Doc. 79) is **DENIED as moot.**

(7) The Unopposed Motion for Oral Argument (Doc. 85) is **DENIED as moot.**

(8) Defendant ATA Fishville FL, LLC's response to the motion for voluntary dismissal remains due by August 14, 2020.

**DONE** and **ORDERED** in Fort Myers, Florida on August 13, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE