UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

        Plaintiff,

v.                                    Case No:  2:19-cv-297-JLB-NPM

ATA FISHVILLE FL, LLC,

        Defendant.

_____/

### ORDER[1]

      Plaintiff/Counter-Defendant Westchester Surplus Lines Insurance Company

("Westchester") seeks partial dismissal of the Second Amended Complaint

(Doc. 166) of Defendant/Counter-Plaintiff ATA Fishville FL, LLC ("ATA Fishville").

(Doc. 168.)  ATA Fishville has filed a response opposing the motion (Doc. 173), and

Westchester has filed a reply (Doc. 177).  For the reasons that follow, the Court

**GRANTS** the motion (Doc. 168), and Count II of ATA Fishville's Second Amended

Complaint is **DISMISSED without prejudice**.

### BACKGROUND

      Fisherman's Village is a collection of fifteen buildings containing shops and

restaurants in Punta Gorda, Florida that is owned by ATA Fishville.  (Doc. 166 ¶ 2.)

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees.  By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any
third parties or the services or products they provide, nor does it have any
agreements with them.  The Court is also not responsible for a hyperlink's
availability and functionality, and a failed hyperlink does not affect this Order.

ATA Fishville contracted with Westchester to provide insurance coverage for Fisherman's Village.  (Id. ¶¶ 7–8.)  The policy included the following language about the parties' appraisal rights:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:
> a.  Pay its chosen appraiser; and
> b.  Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

(Id. ¶ 13; 166-1 at 28).

Hurricane Irma damaged Fisherman's Village when it made landfall on Florida's Gulf Coast in September 2017.  (Doc. 166 ¶ 9.)  ATA Fishville made a claim on the policy and complied with its post-loss obligations by submitting all requested documentation in its possession, providing proofs of loss, submitting to examinations under oath, and allowing multiple property inspections.  (Id. ¶¶ 10–11.)

Westchester confirmed that ATA Fishville's damages were covered under the policy, but the parties disagreed on the amount of damages Hurricane Irma caused. (Id. ¶ 12.)  As such, consistent with the policy's appraisal provision, ATA Fishville requested an appraisal and selected an appraiser.  (Id. ¶ 14; Doc. 166-2).

Westchester then named its appraiser.  (Doc. 166 ¶ 15.)  The parties' appraisers met at least three times to discuss the claim, but they failed to agree on an umpire.  (Id. ¶ 17.)

Westchester sued ATA Fishville seeking a declaratory judgment and asking the Court: (1) to limit the amount awarded by the appraisal panel to ATA Fishville's Sworn Statement in Proof of Loss for building damages; (2) to select an umpire; (3) to order the appraisal award be itemized; and (4) to determine the period of restoration.  (Id. ¶ 18; Doc. 1.)

Westchester explained that during this time, it learned ATA Fishville planned to submit claims in the appraisal for more than the amounts spelled out in the original claim submission.  (Doc. 89 at 2.)  In response, Westchester requested that ATA Fishville comply with post-loss obligations related to these new claim amounts.  (Id.)  And when ATA Fishville refused to allow Westchester's investigation into its intended claims, Westchester denied the claim entirely.  (Id. at 1–2.)  Westchester then moved for leave to voluntarily dismiss its complaint, explaining that its subsequent denial of ATA Fishville's insurance claim mooted the action.  (Id. at 1.)

ATA Fishville opposed Westchester's motion to voluntarily dismiss (Doc. 103),  and it counterclaimed alleging breach of contract and seeking selection of an umpire (Doc. 112).  ATA Fishville later withdrew its opposition to Westchester's voluntary dismissal when the Court granted ATA Fishville leave to amend its pleading.  (Doc. 108.)  The Court thereafter granted Westchester's motion

for voluntary dismissal.  (Doc. 146.)  ATA Fishville filed a First Amended Complaint (Doc. 151) and a Second Amended Complaint (Doc. 166), the latter of which is ATA Fishville's operative pleading and the subject of Westchester's current motion.

In its Second Amended Complaint, ATA Fishville alleges Breach of Contract in Count I.  In Count II, ATA Fishville seeks a Declaratory Judgment (1) that ATA Fishville satisfied all of its post-loss obligations or that Westchester has waived compliance; (2) that, given the parties' course of dealings, ATA Fishville need not comply with additional post-loss obligation requests; (3) that ATA Fishville is entitled to binding appraisal proceedings; (4) compelling Westchester's appraiser to participate in the appraisal; (5) finding the appraisal panel has jurisdiction to determine ATA Fishville's right to pursue all claims for all benefits under the policy; (6) retaining jurisdiction to appoint an umpire, confirm any appraisal award, and adjudicate the parties' rights and responsibilities following the award; (7) awarding interest; (8) determining ATA Fishville's right to attorney fees and costs; (9) retaining jurisdiction for supplemental proceedings; and (10) adjudicating any further just and proper relief.  (Doc. 166 at 10–11.)

Westchester now moves the Court to dismiss Count II of ATA Fishville's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

When adjudicating a Rule 12(b)(6) motion, a court presumes well-pleaded allegations are true, and it views pleadings in the light most favorable to the

plaintiff.  <u>Am. United Life Ins. Co. v. Martinez</u>, 480 F.3d 1043, 1066 (11th Cir. 2007).  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

A plaintiff states a claim for relief sufficient to avoid a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

A court's consideration of a Rule 12(b)(6) motion is limited "to the pleadings and exhibits attached thereto."  <u>Grossman v. NationsBank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotations omitted).

## DISCUSSION

Westchester raises four grounds for dismissing Count II of ATA Fishville's Second Amended Complaint.  The Court will address each in turn.

### 1. Florida's Declaratory Judgment Statute

Westchester first argues Count II improperly seeks relief under Florida's Declaratory Judgment Statute, Florida Statutes § 86.061, which grants procedural powers to only state courts.  (Doc. 168 at 9–10.)  ATA Fishville contends there is no material difference between Florida's Declaratory Judgment Act and the Federal Declaratory Judgment Act, but it asks the Court to permit it to replead if its reliance on Florida procedural law is misplaced.  (Doc. 173 at 3–4.)

Westchester's real argument comes in its reply.  It contends that an "actual controversy" between the parties—a necessary element for a declaratory judgment action—is missing here.  Westchester argues that because—as ATA Fishville admits (Doc. 166 at ¶¶ 43, 46, 48)—Westchester denied the claim entirely, the issue to be resolved is one of coverage (and, by extension, <u>entitlement</u> to an appraisal), which is a question for this Court.[2]  And "[w]ithout this ruling, there is nothing to appraise."  (Doc. 177 at 2.)

But there is more to Count II than simply compelling Westchester to participate in appraisal.  Count II seeks the Court's declaration as to, among other things: ATA Fishville's satisfaction of its post-loss obligations, whether it must comply with additional post-loss obligations, and whether it has properly invoked the appraisal clause.  (Doc. 166 at 10.)  As ATA Fishville states, it "has alleged it is in doubt regarding its ability to seek appraisal" given Westchester's position that ATA Fishville has not complied with the policy's post-loss conditions.  (Doc. 173 at 6.)  Because the question of whether an insured has satisfied its post-loss obligations under a policy is a coverage question, see SB Holdings I, LLC v. Indian

---

[2] Westchester relies on Johnson v. Nationwide Insurance Co., where the Supreme Court of Florida held that when an insurer denies that there is a covered loss, causation is a judicial coverage question; but when an insurer admits a covered loss, but the parties disagree as to the amount of coverage, causation is an amount-of-loss question for an appraisal panel.  828 So. 2d 1021, 1022 (Fla. 2002).

The Court does not, of course, question the validity of the Johnson holding, only its application to this case.  Johnson addressed the circumstances in which a court was to address the issue of causation, and those in which causation was to be addressed by an appraisal panel.  Causation is plainly not at issue in this case.  And Johnson is therefore inapplicable to the issue before this Court.

Harbor Insurance Co., No. 20-14729, 2021 WL 3825166, at *2 (11th Cir. Aug. 27, 2021) (per curiam), there is an actual controversy between the parties that this Court can resolve.

Westchester is correct, however, that the appropriate vehicle for ATA Fishville to seek its desired relief is the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  See Coccaro v. Geico Gen. Ins. Co., 648 F. App'x 876, 880–81 (11th Cir. 2016) (per curiam).  ATA Fishville is granted leave to file a Third Amended Complaint that revises Count II to rely on the Federal Declaratory Judgment Act.

### 2. Claim for Injunctive Relief

Second, Westchester argues that although Count II purportedly seeks declaratory relief, it "actually requests coercive injunctive relief regarding appraisal," which strays from the purpose of the Declaratory Judgment Act.  (Doc. 168 at 11.)  Westchester notes that Count II seeks more than just a declaration of the parties' rights and responsibilities regarding the policy by explicitly asking the Court to "[c]ompel Westchester's appraiser to participate in the appraisal in this matter."  (Doc. 166 at 10.)  It contends that a petition to compel appraisal is not a viable claim under Florida law.  (Doc. 168 at 12.)  And it argues that ATA Fishville has not sufficiently pleaded the elements for injunctive relief.  (Id. at 11–14.)

ATA Fishville responds that it has properly requested declaratory relief regarding its rights and duties under the policy, and it maintains that a request to compel appraisal is different from a request for injunctive relief.

The Court agrees with ATA Fishville.  "[P]arties can seek appraisal through breach of contract and declaratory judgment actions."  Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 2:21-cv-181-SPC-NPM, 2021 WL 1610092, at *1 (M.D. Fla. Apr. 26, 2021) (citations omitted).  A court may consider a request for declaratory relief, whether or not other forms of relief may be appropriate.  Powell v. McCormack, 395 U.S. 486, 518 (1969).  And it may grant declaratory relief with or without later issuing an injunction.  Id. at 499.

ATA Fishville seeks a declaration of its rights vis-à-vis the policy's appraisal provision because, among other reasons, the parties disagree about ATA Fishville's right to seek appraisal, given Westchester's position that ATA Fishville has not complied with its post-loss obligations.  (Doc. 173 at 6.)  The Court may address this issue independently of any coercive remedies.[3]

The Court will not dismiss Count II of ATA Fishville's Second Amended Complaint on this basis.

---

[3] That said, if the Court rules in ATA Fishville's favor and Westchester persists in refusing to participate in the appraisal process, injunctive relief may be appropriate and, if ATA Fishville carries its burden for issuance of injunctive relief, the Court would not hesitate in promptly issuing an appropriate injunction.  See 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."); Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 537 (5th Cir. 1978) ("[T]he prevailing party [in a declaratory action] may seek further relief in the form of damages or an injunction.").

### 3. Consequential Damages

Third, Westchester argues "Count II of [the] Second Amended Counter Complaint should be dismissed for seeking non-cognizable relief in the form of consequential damages." (Doc. 168 at 17.)  In its response, ATA Fishville acknowledges the Florida Supreme Court's recent holding in <u>Citizens Property Insurance Corp. v. Manor House, LLC</u>, 313 So. 3d 579, 582 (Fla. 2021), <u>reh'g denied</u>, No. SC19-1394, 2021 WL 1027485 (Fla. Mar. 17, 2021), and it asks the Court to strike any reference to consequential damages.[4]  (Doc. 173 at 6.)

ATA Fishville is therefore instructed to eliminate its prayer for consequential damages from its forthcoming Third Amended Complaint.

### 4. Duplicative

Finally, Westchester argues Count II should be dismissed because it duplicates ATA Fishville's breach of contract claim.

ATA Fishville responds that redundancy is not grounds for dismissal under Rule 12(b)(6) and that an action to enforce an insurance policy's appraisal provision may be pleaded in the alternative as either a declaratory action or as a contractual action, whether or not the claims are duplicative.  (Doc. 173 at 7.)

Again, the Court agrees with ATA Fishville.  Rule 12(b)(6) is a vehicle to challenge a claim's sufficiency.  Redundancy is not insufficiency, and it is not a ground for dismissal under Rule 12(b)(6).  And a party is explicitly permitted to plead in the alternative.  Fed. R. Civ. P. 8(d).  The decision to entertain a

---

[4] The Court appreciates ATA Fishville's candor in making this concession.

declaratory claim is discretionary.  See <u>Smith v. Casey</u>, 741 F.3d 1236, 1244 (11th Cir. 2014).  Here, the Court will allow both Counts I and II to move forward consistent with this opinion.[5]

## CONCLUSION

For these reasons, Westchester's Motion to Dismiss (Doc. 168) is **GRANTED**, and ATA Fishville's Second Amended Complaint is **DISMISSED without prejudice**.  ATA Fishville is **DIRECTED** to file a Third Amended Complaint consistent with this Order by July 14, 2022.

**ORDERED** in Fort Myers, Florida on June 30, 2022.

_John L. Badalamenti_

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

---

[5] This case has recently entered its fourth year of litigation.  The Court has carefully reviewed the file and strongly recommends that the parties come together and consider resolving this matter prior to the filing of any amended pleading pursuant to this Order or otherwise.  Should the parties believe, in good faith, that settlement discussions could resolve this case without further involvement of this Court, the Court would stay the case to allow such to occur upon the filing of a joint motion requesting such.